UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NIGEL B. PUREFOY, | ) | CASE NO. 5:19-cv-1233 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| WARDEN BRANDSHAWN HARRIS, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On July 13, 2022, the Court entered judgment against petitioner Nigel Purefoy ("petitioner" or "Purefoy"), denying his petition for a writ of habeas corpus and declining to issue a certificate of appealability. (Doc. No. 31 (Memorandum Opinion and Order); Doc. No. 32 (Judgment Entry).) Purefoy now seeks to alter or amend the Court's judgment to provide for the issuance of a certificate of appealability. (Doc. No. 33 (Motion) at 3[1].) Respondent Warden Brandshawn Harris ("respondent") opposes the motion.

A court may grant a motion to alter or amend judgment, pursuant to Fed. R. Civ. P. 59(e), only if there was "[1] a clear error of law, [2] newly discovered evidence, [3] an intervening change in controlling law, or [4] to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). A Rule 59(e) motion may not be used to re-

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

argue the same issues, present the same arguments, or present evidence that could have been raised prior to the entry of judgment. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). It is not, therefore, intended to give a party "an opportunity to relitigate matters already decided . . . [or to be] a substitute for appeal." *Turner v. City of Toledo*, 671 F. Supp. 2d 967, 969 (N.D. Ohio 2009) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (further citations omitted)); *see Mitchell v. Citizens Bank*, No. 3:10-cv-569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011) (A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) "is extraordinary and is seldom granted because it contradicts notions of finality and repose." (quotation marks and citation omitted)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (quotation marks and citation omitted).

The underlying issues in Ground One of Purefoy's petition, the only ground discussed in Purefoy's objections to the magistrate judge's report, was whether Purefoy was in police custody when he confessed to a string of robberies during an interview at the Barberton Police Department and whether his confession was voluntarily made. In his objections, Purefoy relied primarily upon his unsubstantiated belief that officers were secretly working with his uncle, a police officer from another department who accompanied Purefoy to the interview, to force a confession. He also relied on the fact that his uncle, who had no official role in the investigation or during the interview, encouraged his nephew to tell the truth.

In overruling the objections to the magistrate judge's report recommending the dismissal of Purefoy's habeas petition, the Court found that the state appellate court's resolution of Purefoy's

Fifth Amendment issue represented neither an unreasonable application of clearly established federal law nor resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state trial court. (*See* Doc. No. 31, at 14.) In reaching this conclusion, the Court carefully reviewed the objective facts surrounding Purefoy's interview at the Barberton Police Department and the state appellate court's application of those facts to governing federal law regarding custodial interrogations. (*Id*., at 6–7, 9–14.) This Court observed that "Supreme Court precedent is clear that 'the initial determination of custody depends on the objective circumstances of the interrogation, not the subjective views harbored by either the interrogating officers or the person being questioned.'" (*Id*. at 10 (citing *Stansbury v. California*, 511 U.S. 318, 323, 114 S. Ct. 1526, 128 L. Ed. 2d 293 (1994)). As to the voluntariness of his confession, the Court determined that based on the totality of the circumstances surrounding the confession—including the brevity of the interview, the professional treatment Purefoy received during the interview, and the lack of police coercion—the state appellate court's determination that Purefoy was not coerced by the police into confessing to the robberies was objectively reasonable under federal law. (*Id*., at 11–14, citing, among authority, *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S. Ct. 515, 93 L. Ed. 2d 473 (1986)). For these same reasons, the Court declined to issue a certificate of appealability. (*Id*., at 14–15.)

Purefoy now requests that the Court reconsider its decision, in part, and issue a certificate of appealability as to the Fifth Amendment issue raised in Count One of his petition. (Doc. No. 33, at 3.) He suggests that a failure to issue the certificate would be a "manifest injustice." (*Id*.)

To warrant the issuance of a certificate of appealability, a petitioner "need not demonstrate that he will prevail on the merits; he needs only to demonstrate that the issues he seeks to appeal

3

are deserving of further proceedings or are reasonably debatable among jurists of reason." *Kinley v. Bradshaw*, No. 3:03-cv-127, 2014 WL 4966079, at *3 (S.D. Ohio Oct. 2, 2014) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy 28 U.S.C. § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Kinley*, 2014 WL 4966079, at *3 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)).

Purefoy's argument that the failure to issue a certificate will result in manifest injustice is brief and devoid of substance. In its entirety, the argument provides:

> [a]lthough not prevailing on the merits in this Honorable Court, Purefoy has shown that the issue of the denial of a constitutional right—his Fifth Amendment right to remain silent—is debatable among reasonable jurists. The factors analyzed regarding a custodial interrogation in Purefoy's petition are adequate enough to warrant further review by a higher court. Declining to issue a Certificate of Appealability in this matter with regard to Ground One of Purefoy's petition would be a manifest injustice.

(Doc. No. 33, at 2–3.)

In filing the present motion, it is clear that Purefoy has done little more than cite the standard for a certificate of appealability and suggest that this Court erred in determining that the arguments he raised in his petition and in his objections did not satisfy the standard. He relies exclusively on his previously asserted merit arguments and simply asks the Court to reconsider its decision. While the "manifest injustice" prong of Rule 59(e) may serve as a catch-all provision, it is not sufficient to simply refer to prior arguments in a perfunctory manner and request a different result to avoid a perceived manifest injustice. *See Dana*, 764 F. Supp. at 489 (Rule 59(e) is not

4

available to re-litigate issues). For this reason alone, Purefoy is not entitled to Rule 59(e) relief.

Moreover, Purefoy has failed to make a substantial showing of the denial of a constitutional right with respect to Ground One of his petition as is required by 28 U.S.C. § 2253(c), or to demonstrate that this claim is otherwise deserving of further proceedings. The Court's denial of Purefoy's habeas petition relied on settled federal precedents, and the application of those precedents to the arguments previously raised in the petition and objections did not present difficult or close questions. Given the deferential standard afforded state court decisions on federal habeas review, the Court cannot conclude that "reasonable jurists" could debate this Court's denial of Purefoy's petition. Accordingly, the Court will not alter or amend its judgment by issuing a certificate of appealability, and petitioner's Rule 59(e) motion is DENIED in its entirety.

**IT IS SO ORDERED**.

Dated: November 22, 2022

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**